

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1242 | **DATE** | 5/9/2003 |
| **CASE TITLE** | Relational Funding Corp vs. Advantage Schools | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   As previously stated in the Court's minute order dated 05/07/03, plaintiff's motion to file an amended complaint voluntarily dismissing the replevin count is denied [46-1]. Enter Memorandum Opinion and Order.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 1 2 2003  date docketed | 59 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 5/9/2003  date mailed notice | |
| MW  courtroom deputy's initials | | MW  mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RELATIONAL FUNDING CORP.,<br>Plaintiff,<br><br>v.<br><br>ADVANTAGE SCHOOLS, INC.,<br>Defendant. | Cause No. 02 C 1242<br><br>Judge Blanche M. Manning<br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER



Geraldine Soat Brown, United States Magistrate Judge

MAY 1 2 2003

In February, 2002, plaintiff Relational Funding Corp. ("Relational") brought a two count complaint against defendant Advantage Schools, Inc. ("Advantage") alleging breach of contract and seeking replevin. [Dkt # 1.] Advantage answered the complaint in March, 2002. [Dkt # 12.] Relational's request for replevin was referred to this court. [Dkt # 7.] Relational sought a hearing as soon as possible on its request for replevin, and an evidentiary hearing was held over several days in April, 2002. On June 12, 2002, this court issued a report and recommendation recommending that Relational's request for replevin be denied. [Dkt # 29.] The District Judge overruled Relational's objections to that report and recommendation and denied Relational's request for replevin. [Dkt # 45.] The District Judge also struck Relational's motion for summary judgment. *Id.* The District Judge expressed reservations about the court's subject matter jurisdiction, in light of the possibility that there are necessary parties to the replevin count whose joinder might destroy diversity jurisdiction. *Relational Funding Corp. v. Advantage Schools, Inc.*, 02 C 1242, Slip Op. at 8-9 (N.D. Ill. Dec. 31, 2001).

1

Relational subsequently moved to amend its complaint to delete the replevin count. [Dkt # 46.] The District Court referred that motion to this court. [Dkt # 47.] Relational brings its motion under Fed. R. Civ. P. 15(a).[1] That rule allows a party to amend its claim once as a matter of right before a responsive pleading has been served. In this case a responsive pleading has been served. Thus, Relational may amend its pleading only with leave of court or written consent of the adverse party. Advantage did not consent. It is well-settled that the court may impose conditions to amendment that will protect the other party from possible prejudice.

> The statement in Rule 15(a) that "leave shall be freely given when justice so requires" presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it. The imposition of terms often will further the rule's liberal amendment policy.

6 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1486 at 605.

In light of the circumstances of this case, this court ruled that Relational's motion to amend its complaint to delete the replevin count would be subject to two conditions. In this case, there was a full evidentiary hearing lasting several days on Relational's replevin count, which had resulted in the denial of the relief requested in that count. Thus, the first condition was that the dismissal of the replevin count must be with prejudice. *See id.* at 609. Relational's counsel subsequently stated his client's agreement to that condition.

The second condition, which Relational has refused to accept, is that Relational pay the costs (limited to the airline fare) incurred by Advantage in having Thomas Luplow and Stephen Todd

---

[1] There is some authority that Fed. R. Civ. P. 41(a) applies to the voluntary dismissal of a claim. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1479 at 568 (1995). However, in the present case, there is no real difference between the application of Rule 41(a)(2) and Rule 15(a), because leave of court is required in either circumstance, and the court may condition granting that leave under either rule.

2

travel to Chicago to testify at the evidentiary hearing. As part of the evidentiary hearing, Advantage called Mr. Luplow, an attorney for Advantage, and Mr. Todd, who had performed consulting services for Advantage, to testify. Both witnesses traveled a considerable distance (Mr. Luplow from Saginaw, Michigan and Mr. Todd from South Natick, Massachusetts) to appear and testify at the evidentiary hearing. Relational is now using the exhibits and testimony from the evidentiary hearing in lieu of conducting discovery. *See* Plaintiff's Rule 56.1(A)(3) Statement [dkt # 41], which was submitted in support of Relational's unsuccessful motion for summary judgment. Relational is using Mr. Luplow's and Mr. Todd's hearing testimony in lieu of a deposition. *Id.* However, Mr. Luplow and Mr. Todd could not have been compelled by Relational to appear in Chicago for depositions. Relational's counsel would have been required to take their depositions at their residence or place of business, two different locations both considerable distances from Chicago. Yet, because of the hearing in Chicago on the replevin count, Relational was able to obtain their testimony under oath without Relational's counsel having to travel to obtain it, effectively shifting the costs that Relational would ordinarily incur to Advantage. It seems only just that Relational should not be able to dismiss voluntarily the count under which it obtained the testimony without reimbursing Advantage for at least the cost of the witnesses' airfare (which is no doubt a small fraction of the fees and costs incurred), which Advantage would not have incurred except for the hearing on the count now sought to be dismissed. The only amount the court set as the condition is the cost of Mr. Luplow's and Mr. Todd's airfare, not the cost of any other accommodations or any attorneys' fees. *See* 6 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1486 at 607: "The award may also include costs that were incurred by the opposing party in connection with preparing to meet those portions of the original pleading that have been eliminated from the action."

3

At the hearing on Relational's motion to amend on February 12, 2003, after this court announced the two conditions, the motion was continued so that Relational's counsel could review those conditions with the client and also so that the parties could conduct settlement negotiations. After several continuances for that purpose, on May 7, 2003, counsel for both parties advised the court that settlement did not appear possible at this time. Relational's counsel further advised that Relational would not accept the condition that it reimburse Advantage for Mr. Luplow's and Mr. Todd's airfare. "The moving party's refusal to comply with the conditions imposed by the court normally will result in a denial of the right to amend." *Id.* at 611. Thus, Relational's motion to amend is denied. Relational must address the jurisdictional concerns expressed by the District Judge in her opinion.

**IT IS SO ORDERED.**

/s/ Geraldine Soat Brown
GERALDINE SOAT BROWN
United States Magistrate Judge

DATED: May 9, 2003